**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 25 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EDGAR NEFTALI CHAVEZ-HUERTA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No. 22-1298

Agency No.
A043-445-680

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2023**
San Francisco, California

Before: WARDLAW, M. SMITH, and RAYES.***

Petitioner Edgar Neftali Chavez-Huerta, a citizen of Mexico, petitions for

review of the Board of Immigration Appeals' (BIA) order affirming the

Immigration Judge's (IJ) denial of his application for protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Douglas L. Rayes, United States District Judge for the District of Arizona, sitting by designation.

Convention Against Torture (CAT).[1]  Because the parties are familiar with the facts, we do not recount them here except as necessary to provide context.

"When the BIA summarily affirms the IJ's decision, we review the IJ's decision as the final agency action."  *Pagayon v. Holder*, 675 F.3d 1182, 1188 (9th Cir. 2011) (quoting *Zehatye v. Gonzales*, 453 F.3d 1182, 1184 (9th Cir. 2006)).

Substantial evidence supports the agency's conclusion that Petitioner had not shown it was more likely than not that he would be tortured if removed to Mexico.  *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 751 (9th Cir. 2022). The IJ reasonably concluded that Petitioner had not presented objective evidence showing why people with tattoos or former prisoners such as himself would be at higher risk of torture than others or that he, in particular, was at risk of being tortured.  *See Lopez v. Sessions*, 901 F.3d 1071, 1078 (9th Cir. 2018) (denying relief when the record indicated "inhumane treatment and torture are directed against certain groups of people," but lacked evidence "particular to [the petitioner]").  To the extent Petitioner relies on his testimony that he had been threatened by rival gang members while in prison years prior, that statement and the evidence surrounding it does not "compel the conclusion" that the agency erred in finding that Petitioner was not more likely than not to be tortured upon removal.  *See Dawson v. Garland*, 998 F.3d 876, 883 (9th Cir.

---

[1] Petitioner also applied for asylum and withholding of removal.  Before our court, however, Petitioner only challenges the agency's denial of CAT relief.

2021), *cert. denied*, 212 L. Ed. 2d 798, 142 S. Ct. 2741 (2022).

**PETITION DENIED.**